UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACQUES S. GREENE,**

  **Plaintiff,**

  v.

            **Civil Action 2:14-cv-1809**
            **Judge Peter C. Economus**
            **Magistrate Judge Elizabeth P. Deavers**

**OHIO STATE UNIVERSITY,**

  **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Jacques Greene, who is proceeding without the assistance of counsel, brings this employment discrimination action against The Ohio State University ("OSU") under the Americans with Disability Act ("ADA") and Title VII of the Civil Rights Act ("Title VII"). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) Accordingly, all judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

The entirety of Plaintiff's Complaint provides that "[Plaintiff was] pressured to be fired or resign for al[l]eged misuse of sick time," and that "[Plaintiff] [j]ust [w]ant[s] [his] money . . . not [his] job back."  (Compl. 2–3, ECF No. 1-1.)  Plaintiff supplemented his Complaint with his January 1, 2012 Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, in which he alleged as follows:

> I began working for Respondent in February 1991.
>
> In October 2010, I received a medical certification from Respondent indicating my [Family and Medical Leave Act ("FMLA")] request was granted from October 6, 2010 through October 5, 2011.
>
> I was verbally told that I had the option to be terminated or resign in lieu of termination.  I was given these options because Respondent stated I was missing too many days of work and I was reporting tardy to work.  I argued my FMLA should have covered my absence and I was not reporting late to work on daily basis.
>
> I believe I was discriminated against when I was forced to resign in lieu of termination, due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended and due to my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

(EEOC Charge of Discrimination, ECF No. 1-1.)  Plaintiff makes no other allegations in his Complaint or in his EEOC Charge of Discrimination.

On February 26, 2014, the EEOC sent Plaintiff a letter providing notice that his case had been dismissed and that he had a right to sue OSU in state or federal court.  (EEOC Dismissal and Notice of Rights, ECF No. 1-1.)  The letter specifically cautioned, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost."  (*Id.*)  Plaintiff acknowledges that he received the EEOC notice of the right to sue on February 28, 2014.  (*See* Compl. 2, ECF No. 1-1.)  On October 2, 2014, Plaintiff filed the instant action in this Court.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

## III.

Having conducted the initial screen of Plaintiff's Complaint, the Undersigned recommends dismissal on the bases that Plaintiff's Complaint is time-barred and fails to set forth sufficient facts to state a claim upon which relief may be granted.

---

[1]Formerly 28 U.S.C. § 1915(d).

**A.    Untimely Filing of Complaint**

Before filing a suit in federal court under Title VII or the ADA, a plaintiff must first timely file a charge of employment discrimination with the EEOC. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). After investigation, the EEOC will either file suit on behalf of the claimant or issue a right-to-sue letter. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Upon receipt of a right-to-sue letter, a plaintiff has ninety days in which to bring a federal action alleging violations under Title VII and/or the ADA. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a). "Because it is not jurisdictional, this requirement, similar to a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Rucker v. Potter*, 215 F. App'x 406, 407-08 (6th Cir. 2007). Equitable tolling is only available under compelling circumstances. *Id*. (citing *Puckett v. Tenn. Eastman Co.*, 889 F. 2d 1481, 1488 (6th Cir. 1989)).

In the instant action, Plaintiff's Complaint is time-barred. In January 2012, Plaintiff filed his Charge of Discrimination with the EEOC against OSU. (ECF No. 1-1.) On February 26, 2014, the EEOC sent Plaintiff a right-to-sue letter, explaining that it had dismissed his charges and that he had ninety days to file a lawsuit in state or federal court. (*Id*.) Plaintiff received this letter on February 28, 2014. (*Id.*) Plaintiff therefore had until May 29, 2014, to timely commence this action. Plaintiff provides no explanation for why he waited until October 2, 2014, to file his Complaint. Further, the words "**WITHIN 90 DAYS**" on his right-to-sue letter are circled, which indicates that he was aware that if he did not file a lawsuit within ninety days, his right to sue would be lost. (*See* Dismissal and Notice of Rights, ECF No. 1-1.) Under these circumstances, equitable tolling is unavailable. *See Rucker*, 215 F. App'x at 408 (finding dismissal appropriate where plaintiff had not offered "any basis for a finding that [his case] is the

type of compelling case to which application of equitable tolling is appropriate"). Thus, the Undersigned concludes that Plaintiff's claims are time-barred and therefore recommends that the Court dismiss them as frivolous under Section 1915(e). *Cf. Id.* (finding that the district court's dismissal as frivolous under § 1915(e) was proper where plaintiff filed his complaint outside of the ninety-day limitation set forth in Title VII and offered no basis for a finding that equitable tolling was appropriate); *McGhee v. Disney Store*, No. 02-5420, 2002 WL 31780928, at *1 (6th Cir. Dec. 11, 2002) (concluding that the district court properly dismissed plaintiff's complaint under Section 1915(e) where plaintiff did not file his ADA claim within ninety days of receiving a right-to-sue letter from the EEOC and where there was no basis for equitable tolling).

**B.     Failure to State a Claim Upon Which Relief May be Granted**

Even if Plaintiff had timely commenced this action, dismissal would still be appropriate because his Complaint fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*., No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In this case, Plaintiff seeks to assert claims under Title VII and the ADA. Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523 (2013) (citing 42 U.S.C. § 2000e–2(a)). The ADA similarly prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An individual is "disabled" under the ADA if he or she has "(A) a physical or mental impairment that substantially limits one or more of the major life activities . .

.; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 510.  The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions." *Keys v. Humana*, *Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

Applying the foregoing authority here, the Undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendant is liable for violating either Title VII or the ADA.  Although Plaintiff personally draws the inference that he was forced to resign or be terminated on account of his disability and race, he offers no allegations in his Complaint upon which the Court could draw such an inference. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . . was a result of discrimination based upon his race or gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *see also Keys*, 684 F.3d at 610 (the plausibility standard "applies to causation in discrimination claims").  For example, the only allegation Plaintiff makes in his entire Complaint is that he was "pressured to be fired or resign for alleged misuse of sick time."  (Compl. 2, ECF No. 1-1.)  In his EEOC Charge of Discrimination, he adds that Defendant gave him this option after he was improperly accused of

7

missing days and reporting late to work. (ECF No. 1-1.) Plaintiff also alleges that Defendant's actions were a result of its discrimination against him based on his race and disability. (*Id.*) Plaintiff fails, however, to provide any facts to support these conclusory allegations.

Finally, with regards to his purported ADA claim, Plaintiff likewise fails to allege facts from which this court could infer that he is disabled as contemplated under the ADA. *Cf. Esparza v. Pierre Foods*, 923 F.Supp.2d 1099, 1105 (S.D. Ohio 2013) ("That said, the interpretive guidelines for the federal regulations do envision some threshold consideration of whether a person's medical condition, as alleged, plausibly states a 'disability.'" (citing 29 C.F.R. § 1630.2(j)(1)(iv)). Plaintiff has done no more than allude to a disability in 2010 by referencing a medical certification for which he purportedly received FMLA leave. Because Plaintiff has failed to sufficiently plead a plausible claim for relief, the Undersigned recommends dismissal.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under Section 1915(e).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  October 14, 2014                                       /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge

9